UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-CR-390 (RC) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JABAAR WILKINS, | : | VIOLATIONS: |
| | : | 18 U.S.C. §§ 1591(a)(1) and (b)(1) |
| Defendant. | : | (Sex Trafficking by Force, Fraud, |
| | : | or Coercion) |
| | : | 18 U.S.C. § 2421(a) |
| | : | (Transportation) |
| | : | 18 U.S.C. § 2422(a) |
| | : | (Coercion and Enticement) |
| | : | 18 U.S.C. § 1952(a)(3)(A) |
| | : | (Interstate Travel and Transportation in |
| | : | Aid of Racketeering) |
| | : | 22 D.C. Code § 404(a)(1) |
| | : | (Assault) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. §1594(d), |
| | : | 18 U.S.C. § 2428(a), and 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury Charges that:

## COUNT ONE

Between on or about January 1, 2011, and November 1, 2017, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, a person, that is, J.J., knowing, and in reckless disregard of the fact that force, threats of

force, fraud, and coercion, and any combination of such means, would be used to cause J.J. to engage in a commercial sex act.

(**Sex Trafficking by Force, Fraud, and Coercion**, in violation of Title 18, United States Code, Sections 1591(a)(l) and (b)(1))

## COUNT TWO

Between on or about November 1, 2018, and November 5, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, a person, that is, L.H., knowing, and, except where the act constituting the violation is advertising, in reckless disregard of the fact, that force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause L.H. to engage in a commercial sex act.

(**Sex Trafficking by Force, Fraud, and Coercion**, in violation of Title 18, United States Code, Sections 1591(a)(l) and (b)(1))

## COUNT THREE

Between on or about January 1, 2015, and November 1, 2017, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly transport an individual in interstate commerce, that is, J.J. and O.R., with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

(**Transportation**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT FOUR

Between on or about March 17, 2019, and July 5, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly persuade, induce, entice, and coerce, and attempt to do so, any individual, that is, O.R., to travel in interstate commerce to engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

**(Coercion and Enticement**, in violation of Title 18, United States Code, Section 2422(a))

## COUNT FIVE

Between on or about July 5, 2019, and July 7, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly transport an individual in interstate commerce, that is, L.H. and O.R., with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

**(Transportation**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT SIX

Between on or about August 9, 2019, and September 5, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly persuade, induce, entice, and coerce, and attempt to do so, any individual, that is, L.H., to travel in interstate commerce to engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

**(Coercion and Enticement**, in violation of Title 18, United States Code, Section 2422(a))

3

## COUNT SEVEN

Between on or about October 26, 2019, and October 27, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly transport an individual in interstate commerce, that is, L.H., with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

(**Transportation**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT EIGHT

Between on or about November 2, 2019, and November 3, 2019, in the District of Columbia and elsewhere, the defendant, **MICHAEL JABAAR WILKINS**, did knowingly transport an individual in interstate commerce, that is, L.H., with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense.

(**Transportation**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT NINE

Between on or about March 17, 2019, and November 5, 2019, in the District of Columbia and elsewhere, in and affecting interstate commerce, the defendant, **MICHAEL JABAAR WILKINS**, knowingly traveled in interstate commerce and used an instrumentality of interstate commerce, including cellphones and the internet, with intent to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and of the United States,

and thereafter performed and attempted to perform an act to promote, manage, establish and carry on such unlawful prostitution activity.

(**Interstate Travel and Transportation in Aid of Racketeering**, in violation of Title 18, United States Code, Section 1952(a)(3)(A))

## COUNT TEN

On or about August 7, 2019, in the District of Columbia, the defendant, **MICHAEL JABAAR WILKINS**, unlawfully assaulted and threatened another, L.H., in a menacing manner.

(**Assault**, in violation of Title 22, District of Columbia Code Section 404(a)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One and Two, the defendant shall forfeit to the United States his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations, pursuant to 18 U.S.C. Section 1594(d). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations.

2. Upon conviction of the offenses alleged in Counts Three through Eight, the defendant shall forfeit to the United States any interest in any property, real or personal, that was used or intended to be used to commit or facilitate the commission of these violations and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly as a result of these violations, pursuant to 18 U.S.C. Section 2428(a). The United States will also seek a forfeiture money judgment equal to the value of any property, real

or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, 1594(d), Title 18, United States Code, 2428(a), and Title 21, United States Code, Section 853(p))

A TRUE BILL


FOREPERSON

*Michael Dhonuin/JSL*

Attorney for the United States in
and for the District of Columbia