# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| **v.** | : | **Crim. No. 1:19-RC-000390(RC)** |
| **MICHAEL WILKINS,** | : | **Motions Hrng: TBD** |
| **Defendant** | | |

### OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND 609

Mr. Michael Wilkins, through undersigned counsel, respectfully opposes the government's motion *in limine* for the admission of evidence pursuant to Federal Rules of Evidence 404(b) and 609. Mr. Wilkins moves this Court to exclude the requested government evidence pursuant to Federal Rules of Evidence 104, 401, 403, and 404(b). A hearing is respectfully requested on this motion. In support of this Motion, counsel states the following upon information and belief:

1. The Original indictment filed against Mr. Wilkins charged him with five counts of criminal conduct. In that document he was charged with one count of Coercion and Enticement, one count of Interstate Travel and Transportation in Aid of Racketeering, two counts of Transportation, and one count of assault.

2. On October 16, 2020, the government filed a motion *in limine* to introduce a bevy of evidence pursuant to Federal Rules of Evidence 404(b) and 609. Since filing its motion the government has superseded the original indictment against Mr. Wilkins. The new indictment now charges Mr. Wilkins with some conduct for which the government had originally sought admission under 404(b).

3. Mr. Wilkins now stands before this Court charged by way of a ten-count indictment

for committing crimes involving the sexual exploitation of three women referred by

their initials in the charging document. Mr. Wilkins is charged in counts one and two

with Sex Trafficking by Force, Fraud, and Coercion; in counts three, five, seven, and

eight, with Transportation; in counts four and six with Coercion and Enticement; in

count nine with Interstate Travel and Transportation in Aid of Racketeering; and in

count ten with Assault. The conduct charged in the indictment is alleged to have

taken place between January 1, 2011 and November 5, 2019.

4.      Mr. Wilkins now files this motion in opposition and reply to the government's

request under Federal Rules of Evidence 404(b) and 609, and argues in the

alternative that even if found to be admissible under Rule 404(b), the other crimes or

bad acts evidence must be excluded under Rule 403 because the probative value of

the requested evidence is substantially outweighed by the prejudicial impact that its

admission would have on Mr. Wilkins' ability to have a fair trial.


**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      THE REQUESTED EVIDENCE IS NOT RELEVANT AND INADMISSIBLE
BECAUSE THE GOVERNMENT CANNOT MEET ITS BURDEN UNDER
FEDERAL RULE OF EVIDENCE 404(B)**

Irrelevant evidence is not admissible. Fed. R. Evid. 402.  Evidence only becomes relevant if

it both "has any tendency to make a fact more or less probable than it would be without the

evidence" and "the fact is of consequence in determining the action". Fed. R. Evid. 401. Rule

404(b) also explicitly states that evidence of "a crime, wrong, or other act is not admissible to

prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character". Fed. R. Evid. 404(b)(1). The only purpose for which evidence of other crimes, wrongs, or other acts is permitted is when such evidence is sought to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Here, the government requests the admission of evidence of charged and uncharged misconduct that includes gun possession, possession of drugs and possession with the intent to distribute drugs, loitering, and attempted robbery. None of these allegations can be properly qualify as a "permitted use" of other crimes evidence under the rules. Because the government does not seek the admission of the requested "other crimes, wrongs, or acts" evidence for a permitted use under the rules, the evidence must be excluded because it is irrelevant and also does not qualify for admission under Federal Rule of Evidence 404(b)(1).

The case law on this issue is also well settled.  Rule 404(b) provides the opportunity to seek admission of evidence.  The "opportunity," not the "admission," is what Rule 404(b) "guarantees." *United States v*. *Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998). Before 404(b) evidence is admitted the government is required to show which of the matters listed in Rule 404(b)—"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"—it is seeking to prove up by the other crimes evidence. "If the defense objects, the court must then satisfy itself that the evidence is relevant to that matter." *Id*. at 1209. *See* Huddleston v. United States, 485 U.S. 681, 691. The trial court must determine that the evidence is relevant to some issue at trial other than to prove the character of the defendant for the purpose of showing that he acted in conformity therewith, and that its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Benton*, 637 F.2d 1052, 1056 (5th Cir.1981); *United States v. Aleman*, 592, F.2d 881, 885 (5th Cir. 1979).

a. **The Government Seeks Admission Of Prior Contacts With Law Enforcement That Run Afoul of Federal Rule Of Evidence 402 And 404(b) Because These Contacts Are Not Relevant And Not Indicative of Sexual Exploitation; They Therefore Must Be Excluded.**

1. **June 12, 2019 Gun Possession**

The government alleges that "[l]aw enforcement learned that Victim 1 was a witness to an incident in Norfolk, Virginia, on June 12, 2019, in which the defendant suffered a gunshot wound to his groin" during the course of its investigation [Govt. 40 at 3]. Mr. Wilkins objects to the admission of testimony or evidence about this alleged incident and argues that the government cannot establish any theory of admissibility for this evidence. In seeking the admission of this evidence the government is not only attempting to place in front of the jury irrelevant evidence that Mr. Wilkins suffered a gunshot wound, but the government also inappropriately seeks the admission of an alleged instance of prior gun possession on June 12, 2019.

There would be no apparent purpose permissible under Federal Rule 404(b) for the admission of evidence that Mr. Wilkins possessed a gun and suffered a self-inflicted gunshot wound. Moreover, the government's conclusion that the gunshot wound was "self-inflicted" is speculative and appears to be a conclusion that will not be supported by testimony from complaining witness 1 ("CW-1"), who was allegedly a witness to the incident, but who previously told investigating officers that Mr. Wilkins may have been shot by another individual present on the scene. That CW-1 witnessed Mr. Wilkins in possession of a gun (on the day of the purported self-imposed gunshot wound) and that Mr. Wilkins shot himself with that weapon are

noticeably absent from the governments proffer. Because the government cannot establish that this evidence is relevant under Federal Rule 402 or admissible under Rule 404(b), the evidence must be excluded.

**2.**     **December 10, 2011 Arrest for Possession with Intent to Distribute Cocaine**

Evidence that Mr. Wilkins was arrested on December 10, 2011, for Possession with the Intent to Distribute Cocaine is similarly not admissible under Rule 404(b). Here, the government seeks admission of evidence that Mr. Wilkins was arrested "in the vicinity of 1601 New York Avenue NE". [Govt. 40 at 7]. Mr. Wilkins was not convicted for this offense, yet in a prosecution against Mr. Wilkins for sexual exploitation and other relevant charges, the government is seeking admission of an arrest and "testimony regarding this incident" that that is seemingly unrelated to the allegations in the instant indictment. The government's notice does not state why Mr. Wilkins' arrest for possession with the intent to distribute cocaine – a charge that was quickly "no-papered" - would qualify as a prior bad act that rises to the level of relevance under Rule 404(b). Mr. Wilkins objects to the admission of this evidence.

**3.**     **January 25, 2015 – Trespass**

Here, the government does not allege that Mr. Wilkins was doing anything other than sleeping in his vehicle. [Govt. 40 at 8]. Mr. Wilkins' alleged location when law enforcement encountered him aside – it is a stretch to argue that the acts of "deleting information off of his phone" and "putting something in his mouth" would qualify as either relevant to the allegations made in this case, or as admissible 404(b) evidence.

4.         **August 3, 2019 Contact with HTU**

The government seeks the admission of the very elaborate details of an alleged interaction between Mr. Wilkins and a Metropolitan Police Department ("MPD") Human Trafficking Unit ("HTU") member. There is no allegation that his interaction involved any of the complaining witnesses involved in this indictment, or that they were even on the scene - and no allegation that this encounter took place on a day when any offense charged in the indictment occurred. Perhaps more importantly here - the government has not articulated which 404(b) matter, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," - it is intending to prove by other crimes evidence. *See Huddleston v. United States*, 485 U.S. 681, 691. In the absence of such explanation, and due to the similarities between this particular act and the offenses alleged, it is apparent that the only relevance of the August 3, 2019, incident would be for the government to demonstrate Mr. Wilkins' bad character – a theory that is explicitly forbidden by Rule 404(b).

5.         **Evidence that Mr. Wilkins was a Drug Dealer in 2009**

Finally, the government has indicated that it intends to present evidence that Mr. Wilkins was a drug dealer when he met Complaining Witness - 3 ("CW#3"). [Govt. 40 at 12]. Similar to the interaction with MPD's HTU mentioned above, the only other possible motivation for seeking the admission of this evidence is to persuade the jury that Mr. Wilkins is of a bad character. Because this is information is not relevant to any issue outside of Mr. Wilkins' character, it must be excluded.

The government argues that evidence of the prior acts noted above "is highly probative, relevant evidence that makes the existence of facts that are of consequence to the determination

of the case more probable than it would be without the evidence." [Govt. 40 at 17]. Yet, the government does not even attempt to specify how a self-inflicted gunshot wound in 2019; an arrest for Possession with the Intent to Distribute Marijuana in 2011; or the January 25, 2015 incident where Mr. Wilkins was allegedly sleeping in a car, deleting information from his phone and putting something in his mouth, would be relevant evidence that makes the existence of facts that are of consequence to the determination of this case more probable than it would be without the evidence. *See* Fed. R. Evid. 401.  Instead the government generally argues that "[t]hese contacts with law enforcement demonstrate his intent in bringing the victims from Virginia to the District of Columbia; his motive in doing so; as well as his knowledge of what was happening inside the hotels where he was frequently arrested." [Govt. 40 at 12]. The fact is that most of the allegations associated with Mr. Wilkins' prior contacts with law enforcement are irrelevant and do not qualify as evidence that is properly admitted under Federal Rule of Evidence 404(b).

## II.    THE REQUESTED OTHER CRIMES AND BAD ACTS EVIDENCE MUST ALSO BE EXCLUDED PURSUANT TO FEDERAL RULE OF EVIDENCE 403

Under Rule 403, the Court has discretion to exclude evidence that is unfairly prejudicial. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Even though admission for a proper purpose under Rule 404(b) does not the end the inquiry, because Rule 403 has an independent role to play, Rule 403 "focuses on the 'danger of *unfair* prejudice' and affords the court discretion to exclude evidence only if that danger '*substantially* outweigh[s]' the evidence's probative value.*" United States v. Gartmon,* 146 F.3d 1015, 1021

(D.C.Cir.1998) (citing Fed.R.Evid. 403); *See United States v. Holland*, 41 F. Supp. 3d 82 (D.D.C. 2014). "Rule 403 contemplates the thoughtful consideration of the trial court and leaves the admission of evidence to the sound discretion of the trial judge." *United States v. Boney*, 977 F.2d 624, 631 (D.C.Cir.1992). Because "[t]he trial court is in the best position to perform" the "subjective balancing" that Rule 403 requires, its decision is reviewed only for " 'grave abuse.' " *United States v. Washington*, 969 F.2d 1073, 1081 (D.C.Cir.1992).

The government seeks the admission of several encounters that Mr. Wilkins allegedly had with members of law enforcement during a period of time starting in 2011 and ending in 2019. In these instances law enforcement encountered Mr. Wilkins in circumstances that did not necessarily lead to arrests or convictions. While Mr. Wilkins' position is that these encounters are not properly admissible under Rule 404(b) and not otherwise relevant to the allegations contained in the indictment under Rule 401, it is also clear that, if the Court were to find that these encounters were relevant and permissible under Rule 404(b), they must all be excluded under Rule 403. The probative value of the admission of evidence of these encounters is substantially out weighed by the danger that Mr. Wilkins will be unfairly prejudiced, and that the jury will be both confused and misled.

For the same reason, Mr. Wilkins objects to the admission of the February 16, 2013, incident where Complaining Witness - 3 alleges that Mr. Wilkins attacked her inside a Hampton Inn Hotel located in Norfolk, VA. C-3 alleged that the attack happened because she did not want to have sex with him and that this attack resulted in cuts to the body. [Govt. 40 at 15]. The defense has heightened concerns about these allegations and their Rule 403 implications. These allegations could be easily confused and mislead the jury to infer that this alleged attack was an

attempted rape. Even though the government has not alleged that Mr. Wilkins attempted to rape C-3, the actions alleged – an argument, attack, cuts – precipitated by a request for sex – are ripe for confusion and misunderstanding, and must therefore be excluded.

### III.    Mr. WILKINS' PRIOR CONVICTIONS SHOULD NOT BE ADMITTED UNDER FEDERAL RULE OF EVIDENCE 609

#### a.    The Probative Value of the Evidence of Mr. Wilkins' Prior Convictions Does not outweigh the Prejudicial Effect to Him

Federal Rule of Evidence 609 establishes that evidence of a criminal conviction must be admitted in a criminal case in which the witness is a defendant, only if the probative value of the evidence outweighs its prejudicial effect to that defendant. Fed. R. Evid. 609(a)(1)(B). The government has not proffered a basis under Rule 609(a) for the admission of evidence of Mr. Wilkins' prior convictions.

#### b.    Rule 609(b) General Place a 10-Year Limit On Impeachment by Evidence of a Criminal Conviction

Federal Rule 609(b) establishes an additional limit on using evidence of a criminal conviction for the purposes of impeachment.  This rule applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.[1]  Fed. R. Evid. 609(b). While Rule 609 (b) does not preclude admission of convictions older than 10 years, it merely restricts the admissibility of such convictions, "carving out a specific class of prior convictions, that would otherwise be admissible unless other considerations are met." *United States v. Pettiford*, 238 F.R.D. 33, 39 (D.D.C. 2006).  Congressional intent was that trial courts

---

[1] Release of the witness from confinement means at the end of imprisonment not the termination of a period of probation. *United States v. Pettiford*, 238 F.R.D. 33 (D.D.C. 2006).

be "extremely cautious in admitting evidence of remote convictions". *Id*. The general rule is one of inadmissibility. *Id*. Courts should be wary, because the danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains. *Id*.

"Stale" 609 (b) evidence is only admissible under two circumstances. First, the probative value of the evidence, supported by facts and circumstances, must substantially outweigh its prejudicial effect. Fed. R. Evid. 609 (b)(1). Next, the proponent of the evidence must give the adverse party reasonable written notice of the intent to use it so that party has a fair opportunity to contest its use. Fed. R. Evid. 609 (b)(2).

In the instant case, the government seeks to use, for the purposes of impeachment, Mr. Wilkins's conviction in 2003 for Assault and Battery on a law enforcement officer. The conviction falls outside of the 10-year window proscribed by Rule 609. Indeed, Mr. Wilkins was sentenced in case CR03000675-00 on July 14, 2003, to a 3 year suspended sentence and placed on unsupervised probation for five years. Because ten years have passed since the expiration of his sentence the analysis now becomes focused on whether the probative value of the evidence requested substantially outweighs its prejudicial effect. Mr. Wilkins submits that the prejudice that would inure upon admission of his 2003 conviction as impeachment evidence would be great and has very little, if any probative value. Surely this is the type of stale conviction that courts are warned to be wary of.

      i.  **The Probative Value of Mr. Wilkins's 2003 Conviction, Supported by Specific Facts and Circumstances, Does Not Substantially Outweigh The**

**Prejudicial Effect of its Admission**

The prejudice that Mr. Wilkins would face if he were to be confronted with a 17-year-old conviction, for assaultive conduct toward a law enforcement officer while testifying in his defense - in a case where he is charged with assaultive conduct - should be obvious to any prudent observer. The probative value of admitting such a stale conviction is not as clear and has not been explained by the government.  The government has not suggested one element or issue that Mr. Wilkins's 2003 conviction would elucidate.  The probative value of the 2003 conviction is scant if existent, at all.  When weighed against the potential for unfair prejudice that it invites the balance shifts clearly toward exclusion in this case.

    ii.  **The Court Must Balance The Probative Value of Mr. Wilkins's Prior Conviction, Used as a Tool For Impeachment, Against The Danger of Unfair Prejudice**

In deciding the issue of probative value vs. unfair prejudice, the government must convince the court that the probative value of the evidence outweighs its prejudicial effect impact on Mr. Wilkins.  In making this determination the court should consider the following: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witnesses testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally the impeachment value of the crime." *Pettiford*, 238 F.R.D. 33 (D.D.C. 2006).

Plainly, the 2003 conviction is stale and could only have a highly prejudicial impact on Mr. Wilkins while unfairly tilting the balance toward the government since the crime involved is similar in nature to some of the crimes, assaultive in nature, alleged to have taken place in the instant indictment.  The only value the admission of the 2003 evidence could have would be to suggest some sort of criminal proclivity, on Mr. Wilkins's part, for assaultive behavior.  The

11

2003 conviction is not only prejudicial and stale, but there is no impeachment value associated with it.

Counsel submits that the relevant factors weigh in favor of exclusion of the 2003 conviction for which the government seeks admission and asks that the Court deny the government's request and not allow the government to impeach Mr. Wilkins with this conviction.

**WHEREFORE**, for the reasons set forth above and for any other reasons that may appear to the Court at a hearing on this motion, Mr. Wilkins requests that the government's motion [40] be denied.

Respectfully Submitted,

_____/s/_____

Joseph P. Caleb, Esq.
Bar No. 495383
1156 15th Street, N.W.
Suite 510
Washington, D.C.  20005
(202) 787-5792
E-mail:  joe@calebandonian.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served by ECF, this 29th day of January, 2020 to the U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C. 20530, and to counsel of record.

/s/

_____

Joseph P. Caleb

12