UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim. No. 1:19-CR-000390 (RC) |
| MICHAEL WILKINS, | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this supplement to its opposition to the defendant's motion to suppress dated October 16, 2020.  In light of certain statements by defense counsel at the hearing on the motion as well as the Court's inquiry regarding the existence of any Metropolitan Police Department (MPD) policies regarding the retention of prisoner property and evidence, the government tenders the following information for the Court's consideration:

1. At the time the defendant was arrested for a traffic violation in D.C., on June 18, 2018, MPD suspected that the defendant was involved in prostitution-related activity on the Track in D.C.

2. Neither in his motion nor at the hearing on March 31, 2021, has the defendant challenged the legality of his arrest for "No Permit" on June 18, 2018.  He thus concedes it was a lawful arrest.

3. MPD officers searched the defendant's person incident to this lawful arrest and found the ZTE phone on his person.  This was a lawful search.  *See United States v. Giles*,

No. CR 19-311 (RC), 2020 WL 6134928, at *3 (D.D.C. Oct. 19, 2020) ("[A] search incident to arrest may only include the arrestee's person and the area within his immediate control, meaning the area from within which he might gain possession of a weapon or destructible evidence." (quoting *Arizona v. Gant*, 556 U.S. 332, 339 (2009)) (internal quotation marks omitted)).

4. There is no allegation or evidence that the phone itself was searched at that time of the defendant's arrest or at any time until a search warrant was issued in September 2019.

5. Per the attached MPD policy, "[a]t the time of arrest, prisoners shall be thoroughly searched and <u>all</u> personal property...shall be removed." *See* Ex. A, General Order 601-01 on Recording, Handling and Disposition of Property Coming into the Custody of the Department, at 4 (emphasis in original). Prisoners are not permitted to retain **any** personal property," including "cell phones." *Id.* at 16a (emphasis in original). It further provides that property may be designated as "Prisoner's Property" or as "Evidence or Suspected Proceeds of Crime," among other categories of items (e.g., firearms and narcotics). *See id.* at 4-5, 16.

6. The government understands that MPD logged the ZTE phone as "Evidence" pursuant to a pending investigation, rather than as "Prisoner Property," and a new Central Complaint Number (CCN) for the phone was generated. *See* Ex. B. The incident report dated June 17, 2018, which was previously produced to the defendant in discovery, notes that the phone was "being held at [MPD's Third District] station for the MPD Youth Division, Human Trafficking Unit (Det. T. Sullivan). At the request of Det. Sullivan and the FBI, the phone was taken; in order to facilitate the on-going investigation." *Id.* Detective Sullivan has no recollection of speaking with the Third District officers about Mr. Wilkins in or around June 2018 but does recall speaking with the Third District more generally and stating

that if they stop individuals suspected of engaging in trafficking-related activities to notify him. He also recalls asking Third District officers sometime after June 2018, that if they stopped certain known traffickers to seize their phones to allow him to seek a warrant. Detective Sullivan further recalls that another individual suspected of trafficking was stopped by Third District officers in May 2018, and that he sought a warrant for that individual's phone, which was seized and tagged as Prisoner's Property, within weeks of the initial stop and seizure.

7. Detective Sullivan does not recall being notified by the Third District of the existence of the ZTE phone in June 2018 or at any time thereafter. No warrant was sought for the ZTE phone until September 2019, shortly after TFO Sullivan discovered that the phone was in MPD's possession while looking up law enforcement contacts with the defendant in regards to this case.

8. While not explicitly stated in the General Order, per a supervisor in MPD's Evidence Control Branch, MPD is not permitted to release property tagged as Evidence without the approval of the prosecuting attorney. *See* Ex. A, at 26. By contrast, it appears that when a prisoner is released from custody, Prisoner's Property is returned. *See id.* at 17.

9. As stated at the hearing, even if the Court determines that the delay in the application for a warrant for the ZTE phone violated the defendant's Fourth Amendment rights, the phone's contents should not be suppressed under the *Leon* good faith exception. If the Court, however, finds that the good faith exception does not apply and the phone's contents should be suppressed, the search warrant for the ZTE phone bore no poisonous fruit. The government did not rely upon any evidence that solely existed on that phone in seeking other warrants. Specifically, all evidence found on the ZTE phone and cited in other

warrants was also found on a phone belonging to one of the victims, L.H., and Judge Meriweather authorized search warrants for the ZTE phone and the victim's phone on the exact same day.  In other words, the ZTE warrant could not possibly have tainted the warrant for the victim's phone or any subsequent warrant relying on messages between them, which were found on her phone.  Similarly, the government obtained no investigative leads from the ZTE phone independent of what was contained on the victim's phone.  And of course, the defendant does not have standing to challenge the warrant for the victim's phone.  *See Rakas v. Illinois*, 439 U.S. 128, 138 (1978) (reaffirming principle that "rights assured by the Fourth Amendment are personal rights, [which] … may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure" (quoting *Simmons v. United States,* 390 U.S. 377, 389 (1968) (internal quotation marks omitted)).

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar No. 415793

        By: */s/ Jessica Arco*
        Jessica Arco
        Special Assistant U.S. Attorney
        D.C. Bar No: 1035204
        United States Attorney's Office
        555 Fourth Street NW, Fourth Floor
        Washington, DC 20530
        Jessica.arco2@usdoj.gov
        202-252-5198

Date:  April 5, 2021

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Joseph Caleb, Esq., this 5th day of April 2021.

                                                      /s/_____
                                                      Jessica Arco
                                                      Special Assistant United States Attorney