# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Case No. 19-CR-390 (RC)** |
| **MICHAEL JABAAR WILKINS,** : | |
| : | |
| **Defendant.** : | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to issue a protective order restricting the use and further dissemination of materials relating to personnel matters involving potential witnesses for the government. The United States and the defendant have reached an agreement as to the proposed protective order. Therefore, the United States is authorized to represent to the Court that the defendant does not oppose this motion or the entry of the attached protective order.

          Respectfully submitted,

          CHANNING D. PHILLIPS
          United States Attorney
          D.C. Bar No. 415793

By:    __/s/ *Janani Iyengar*_____
          Janani Iyengar
          Assistant United States Attorney
          NY Bar No. 5225990
          555 4th Street, N.W.
          Washington, DC 20530
          Janani.iyengar@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Case No. 19-CR-390 (RC)** |
| **MICHAEL JABAAR WILKINS,** : | |
| : | |
| **Defendant.** : | |

**CONSENT PROTECTIVE ORDER**

To adequately protect witness privacy rights in such records, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), and with the consent of the parties, it is hereby **ORDERED**:

1. **Materials Subject to this Order.** Except as provided herein, this protective order ("Order") governs information related to personnel records and records of pending investigations related to government witnesses.

2. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3. **Limitations on Dissemination.** Except as otherwise permitted by this Order, the legal defense team shall not disseminate personnel records or records of pending investigations directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4. **Limitations on Use.**  Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use records related to personnel records or records of pending investigations of government witnesses in connection with: (A) this case, including and any post-conviction or appellate litigation; and (B) another criminal case in which defense counsel or another attorney on the legal defense team is representing a client, provided that the legal defense team in that case agrees to be bound by this Order, the dissemination of the personnel records in that case is consistent with this Order, and sufficient pretrial notice is given in the other case to permit the government to object to the use of the personnel records in that case.  The legal defense team may discuss the personnel records and records of pending investigations with and defense counsel may authorize the viewing of the personnel records and records of pending investigations by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons").

5. **Limitations on Reproduction.**  Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce personnel records and records of pending investigations as deemed necessary by defense counsel for use in connection with this case.  Any reproductions of personnel records or records of pending investigations authorized by defense counsel shall be treated in the same manner as the original personnel records and records of pending investigations.

6. **Storage Requirements.**  The legal defense team shall store personnel records and records of pending investigations in a secure physical or electronic environment that limits access to members of the legal defense team.  Defense counsel shall be responsible and accountable for maintaining, securing, and storing the personnel records and records of pending investigations,

including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

      7.    **Responsibility to Limit Disclosure of Sensitive Information.**[1]  If the legal defense team discusses personnel records and records of pending investigations with or defense counsel authorizes the viewing of personnel records and records of pending investigations by the defendant or a court-authorized person, the legal defense team shall ensure that neither the defendant nor any court-authorized person hears or views any portion of the personnel records or records of pending investigations that includes the following information:

      A.    the names or nicknames of civilians;

      B.    dates of birth;

      C.    social security or taxpayer identification numbers;

      D.    driver's license or non-driver's license identification card number;

      E.    home, work or school addresses;

      F.    telephone numbers, cellular numbers, or email addresses;

      G.    relatives, including names and contact information;

      H.    credit card, bank, debit, or other financial-account numbers; or

      I.    medical or mental health history information.

      8.    **Responsibility to Prevent Reproduction During Viewing.**  If defense counsel authorizes the defendant or a court-authorized person to view personnel records or records of pending investigations, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the personnel records or records of pending investigations.

---

[1] *Cf.* Fed. R. Crim. P. 49.1(a) (listing information that raises privacy concerns in public filings).

9. **Notifications Regarding this Order.**  Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, personnel records or records of pending investigations.

10. **Disposition Following the Conclusion of this Criminal Case.**  Defense counsel may retain a copy of the personnel records or records of pending investigations following the conclusion of this case.  This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of personnel records and records of pending investigations disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the personnel records or records of pending investigations be returned or to further restrict the retention of personnel records and records of pending investigations, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the personnel records and records of pending investigations.

11. **Automatic Exclusions from this Order.**  This Order does not apply to personnel records or records of pending investigations that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia.

12. **Scope of this Order.**  This Order does not prevent any party from objecting to the discovery or admission of personnel records or records of pending investigations that it otherwise believes to be improper.  This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of personnel records or records of pending investigations; or

(B) whether any particular personnel record or record of pending investigation is properly discoverable or admissible.  This Order is not intended to limit the use of personnel records or records of pending investigations in any judicial proceedings in this case.

13.     **Modification of this Order.**  Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order.

**SO ORDERED** this _____ day of _____, 2021

_____
HONORABLE RUDOLPH CONTRERAS
United States District Judge