**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 19-cr-390 (RC)** |
| | ) | |
| **MICHAEL JABAAR WILKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Michael Jabaar Wilkins's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF Nos. 160, 160-1, and 160-2, and his supporting memorandum, ECF No. 164. Both filings seek vacatur, appointment of counsel, and an evidentiary hearing. The government opposes the relief requested in both filings.[1]

**INTRODUCTION**

Defendant's motion substantially revisits the plea-withdrawal claims rejected by this Court and on direct appeal. The Court of Appeals held that the Rule 11 colloquy was error-free, that defendant's asserted misunderstanding and impairment were refuted by his sworn answers, and that the plea-counsel allegations presented on appeal established neither deficient performance nor prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52

[1] Citations to "Mot." refer to the form motion, ECF No. 160; "Aff." refers to defendant's affidavit at ECF No. 160-2, pages 2–10; and the supporting memorandum is ECF No. 164. Citations to "Mem. Op." refer to the D.C. Circuit's November 27, 2024 opinion, ECF No. 156. Unless otherwise indicated, record page citations refer to ECF-generated page numbers. The memorandum is addressed as support for the five grounds asserted in the original motion; the government does not assert a limitations defense against those five grounds. To the extent the memorandum raises any new claim that does not arise from the same core facts as those grounds, that claim is untimely under 28 U.S.C. § 2255(f)(1).

(1985). *United States v. Wilkins*, No. 23-3051, Mem. Op. at 4–5 (D.C. Cir. Nov. 27, 2024) (per curiam) (ECF No. 156) ("Mem. Op.").

Grounds One and Three repeat defendant's allegations that counsel inadequately prepared for trial and pressured him to plead guilty. Those issues were adjudicated on appeal and may not be relitigated merely by restating their supporting facts. Ground Two likewise renews defendant's asserted misunderstanding of the agreement, and his specific allegation of a fifteen-year promise fails when assessed against the written agreement and the plea record. To the extent the Court treats particular allegations in Grounds One through Three as distinct from the issues adjudicated on appeal, they do not establish prejudice for the reasons set out below.

Ground Four, alleging ineffective assistance of appellate counsel, fails because defendant has not established a reasonable probability that the identified additional facts and arguments would have produced a different appellate result. Ground Five, alleging government misconduct, falls within the plea agreement's collateral-attack waiver and is procedurally defaulted. The Court should deny the motion and supporting requests on the existing record.

## BACKGROUND

### A. The Charges and Superseding Indictment

On December 9, 2020, a grand jury returned a superseding indictment charging defendant with two counts of sex trafficking by force, fraud, or coercion, 18 U.S.C. § 1591(a)(1), (b)(1); four counts of transportation, 18 U.S.C. § 2421(a); two counts of coercion and enticement, 18 U.S.C. § 2422(a); one count of interstate travel and transportation in aid of racketeering, 18 U.S.C. § 1952(a)(3)(A); and one count of assault, D.C. Code § 22-404(a)(1). ECF No. 61. The charges arose from defendant's trafficking of three victim-complainants, J.J., O.R., and L.H., from Norfolk,

Virginia, to Washington, D.C., between 2011 and 2019. Mem. Op. at 2; *see United States v. Wilkins*, 538 F. Supp. 3d 49, 62 (D.D.C. 2021).

Trial was originally scheduled for April 2021 but was continued at defendant's request to July 26, 2021. Mem. Op. at 2. On July 13, 2021, defense counsel Joseph Caleb moved to withdraw, stating that defendant had demanded the withdrawal and that the attorney-client relationship had broken down. ECF No. 90; Mem. Op. at 2. The government opposed the request as a delay tactic. After an ex parte discussion with defendant and counsel, the Court denied the motion. Mem. Op. at 2.

**B. The Guilty Plea**

On July 20, 2021, the parties informed the Court that they had reached a plea agreement. Defendant agreed to plead guilty to one count of sex trafficking by force, fraud, or coercion, 18 U.S.C. § 1591(a)(1), (b)(1), carrying a mandatory minimum sentence of fifteen years and a maximum of life imprisonment. Plea Agreement ¶ 1 (filed under seal July 21, 2021). The government agreed to dismiss the remaining nine counts. *Id.* ¶ 3. The parties estimated a Guidelines range of 324 to 405 months and agreed that a sentence within that range would be reasonable under 18 U.S.C. § 3553(a). *Id.* ¶¶ 4–5. The agreement provided that the sentence was "a matter solely within the discretion of the Court," and that the government "cannot, and does not, make any promise or representation as to what sentence your client will receive." *Id.* ¶ 7.

The agreement contained a collateral-attack waiver: defendant waived "any right to challenge the conviction entered or sentence imposed under this Agreement" in a collateral attack, including a motion under § 2255, except to the extent the motion was based on newly discovered evidence or ineffective assistance of counsel. *Id.* ¶ 10.E. In the signed acceptance, defendant affirmed that he had read every page, fully understood the agreement, agreed without reservation,

and was satisfied with counsel's legal services. He further affirmed that "absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement." *Id.* at 15.

At the July 21, 2021 plea hearing, defendant confirmed under oath that he was not under the influence of drugs or alcohol. Plea Tr. (ECF No. 152) at 6–7. When asked whether he had sufficient time to consult with counsel about the case, defendant initially expressed concern about the time available. The Court explored that concern, and defendant confirmed that he had sufficient time to discuss the plea agreement and was satisfied with counsel's representation regarding it. *Id.* at 6–7; Mem. Op. at 2. Defendant also acknowledged that he understood the charges and potential penalties, including the minimum and maximum sentences, and that he was pleading voluntarily. Mem. Op. at 2.

The government presented a detailed proffer of the evidence relating to defendant's trafficking of J.J., O.R., and L.H., including physical violence, interstate transportation, and online advertisements. Plea Tr. at 14–16; Mem. Op. at 3. Defendant admitted that he had engaged in the conduct the government described. Mem. Op. at 3. He confirmed that no promises outside the agreement had induced the plea and that he had not been coerced. Plea Tr. at 22–23, 31–33. The Court accepted the plea, finding it knowing, voluntary, and supported by a factual basis. *Id.* at 33.

**C. The Motion to Withdraw the Plea and Sentencing**

On August 12, 2021, counsel again moved to withdraw at defendant's request, and the Court granted the motion on August 31, 2021. ECF Nos. 103, 153; Mem. Op. at 3. Defendant subsequently moved to withdraw his guilty plea, contending that counsel had inadequately prepared for trial and pressured him to accept the agreement. Mem. Op. at 3; *see* ECF No. 160-2, Ex. D. Through successor counsel, defendant also asserted a statute-of-limitations defense under

18 U.S.C. § 3282 and maintained that his plea was not knowing and voluntary. ECF No. 107; Mem. Op. at 3.

On July 8, 2022, the Court denied the motion without a hearing. ECF No. 118. As the Court of Appeals subsequently recounted, this Court found the plea knowing and voluntary, rejected the ineffective-assistance allegations, and found that counsel had filed multiple pretrial motions, demonstrated reasonable diligence in preparing for trial, and provided competent advice. Mem. Op. at 3. The Court also held that 18 U.S.C. § 3299 foreclosed the asserted five-year limitations defense and that withdrawal would substantially prejudice the government by requiring the victims to prepare for trial again. *Id.*

At sentencing on April 5, 2023, the Court imposed 240 months of imprisonment, ten years of supervised release, and a $100 special assessment. ECF No. 149. The prison sentence was below the estimated Guidelines range of 324 to 405 months. Mem. Op. at 3. Defendant timely appealed.

**D. The Direct Appeal**

On appeal, defendant challenged the denial of his motion to withdraw the guilty plea. He asserted a statute-of-limitations defense, disputed the finding of prejudice to the government, and argued that the plea was tainted by problems with the Rule 11 colloquy and counsel's ineffective assistance. Mem. Op. at 3–5. The opinion recounted his allegations that counsel inadequately prepared for trial and pressured him to accept the agreement. *Id.* at 3. It also described his assertions that he misunderstood the agreement, was regularly using synthetic marijuana, and was worried about COVID and therefore not in the right state of mind to plead. *Id.* at 4.

The Court of Appeals affirmed. It held that § 3299 permits prosecution of § 1591 felonies at any time and rejected defendant's asserted limitations defense, noting that he did not claim

actual innocence on appeal. *Id.* at 4. It also upheld the finding that withdrawal would substantially prejudice the government. *Id.*

Reviewing the voluntariness of the plea de novo and examining the entire record of the colloquy, the panel held that the identified assertions of misunderstanding and impairment were refuted by defendant's sworn answers and that the colloquy was error-free. *Id.* at 4–5. The panel described the ineffective-assistance contention as the crux of the appeal and applied *Strickland* and *Hill* to the allegations before it. *Id.* at 5. It held that defendant had not established either deficient performance or prejudice. Counsel's advice to plead guilty in light of the evidence was not constitutionally deficient, and defendant had not shown a reasonable probability that he would have insisted on trial, given the strength of the evidence, dismissal of nine counts, and prospect of more severe penalties after trial. *Id.* The panel also noted that defendant did not expressly assert on appeal that he would have proceeded to trial absent the alleged deficiencies. *Id.*

**E. The Instant Motion**

Defendant declares that he placed his pro se § 2255 motion in the prison mail system on February 13, 2026; it was docketed on April 27, 2026. Mot. at 12. The motion includes handwritten continuation pages, an affidavit, FBI 302 reports concerning J.J. and O.R., a Virginia court record, and defendant's earlier pro se plea-withdrawal motion. ECF Nos. 160-1, 160-2. His supporting memorandum was received by the Clerk on July 30, 2026, and docketed on August 4, 2026. ECF No. 164.

Ground One alleges inadequate investigation and advice, including counsel's failure to review discovery with defendant, obtain or analyze incarceration records, and investigate inconsistencies in the FBI reports. ECF No. 160-1 at 2–13.

Ground Two alleges that counsel described the offer as a fifteen-year plea and led defendant to understand that the sentence would be fifteen years.

Ground Three alleges coercion through counsel's advice about the likely trial outcome, the prospect of a continuance, and sentencing exposure; it incorporates Grounds One and Two. *Id.* at 17–22.

Ground Four faults appellate counsel for failing to present what defendant describes as the most persuasive version of the involuntary-plea issue, including the relationship breakdown, counsel's alleged unpreparedness, the asserted sentencing representations, investigative materials, and defendant's efforts to withdraw the plea. *Id.* at 23–26.

Ground Five alleges that the government used inaccurate offense dates and witness statements to obtain the superseding indictment and induce the plea. *Id.* at 27–30. The memorandum elaborates on these grounds and alleges that counsel represented immediately before and during the plea hearing that defendant's sentence would be capped at fifteen years. ECF No. 164. Both filings request appointment of counsel and an evidentiary hearing.

## LEGAL STANDARD

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) only if his sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence exceeded the statutory maximum, or the sentence is otherwise subject to collateral attack. Relief is limited to jurisdictional or constitutional errors, or a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Hill v. United States*, 368 U.S. 424, 428 (1962). Section 2255 does not encompass every claimed error in conviction or sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The movant bears the burden of establishing entitlement to relief. *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

Collateral review may not serve as a substitute for appeal. *United States v. Frady*, 456 U.S. 152, 165–66 (1982). "It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction absent an intervening change in the law." *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987). A non-IAC claim that could have been raised on direct appeal but was not is subject to procedural default unless the movant establishes cause and actual prejudice or factual innocence sufficient to excuse the default. *Bousley v. United States*, 523 U.S. 614, 622–24 (1998).

An ineffective-assistance claim requires deficient performance and prejudice. *Strickland*, 466 U.S. at 687. In the guilty-plea context, prejudice requires a reasonable probability that, but for counsel's errors, the defendant would have declined the plea and insisted on trial. *Hill*, 474 U.S. at 59. The assessment must consider contemporaneous evidence rather than rely solely on a defendant's later assertion about the choice he would have made. *Lee v. United States*, 582 U.S. 357, 369 (2017).

A defendant's sworn declarations at a plea hearing carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A motion that depends on repudiating those declarations may be rejected absent a compelling explanation for the contradiction. *United States v. Jones*, 642 F.3d 1151, 1158 (D.C. Cir. 2011) (quoting *United States v. Shah*, 453 F.3d 520, 523 (D.C. Cir. 2006)). That presumption requires examination of the specific allegations against the record; it does not create an absolute bar to a sufficiently supported challenge to the plea. *Blackledge*, 431 U.S. at 74–75.

## ARGUMENT

Defendant's § 2255 motion rests on five grounds, but none warrants relief or an evidentiary hearing. The core of Grounds One through Three — counsel's trial preparation, the alleged

pressure to plead, and defendant's understanding of the plea agreement — was litigated and resolved on direct appeal and cannot be revisited (Part I.A). Ground Five is barred by the plea agreement's collateral-attack waiver, and it is independently procedurally defaulted (Parts I.B–C). The remaining allegations that the Court of Appeals did not expressly address — namely, certain investigative materials, the alleged fifteen-year assurance, and the alleged suggestion that the factual proffer could later be corrected — fail for lack of prejudice (Part II). Ground Four, alleging ineffective assistance of appellate counsel, likewise fails to establish a reasonable probability of a different appellate outcome (Part III). For these reasons, and those set forth below, the Court should deny the motion on the existing record, without an evidentiary hearing or appointment of counsel, and should decline to issue a certificate of appealability (Part IV).[2]

## I. ISSUES ADJUDICATED ON DIRECT APPEAL MAY NOT BE RELITIGATED, AND GROUND FIVE IS WAIVED AND PROCEDURALLY DEFAULTED.

### A. The Relitigation Bar Applies to the Plea-Counsel Issues Adjudicated on Appeal.

The Court of Appeals bars collateral relitigation of an issue litigated and adjudicated on direct appeal absent an intervening change in law. *Greene*, 834 F.2d at 1070. Defendant identifies no such change. *Massaro v. United States*, 538 U.S. 500, 504, 508–09 (2003), permits ineffective-assistance claims to be raised for the first time under § 2255, but does not establish a right to relitigate determinations made on direct appeal.

[2] Because defendant's ineffective-assistance allegations fail for the reasons set out below — the relitigation bar and, as to any allegation not adjudicated on appeal, the absence of prejudice — the government does not address in depth whether plea counsel's or appellate counsel's performance was deficient. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Should the Court decline to deny the motion on the grounds addressed here, or determine that any allegation presents a distinct claim requiring factual development or further briefing, the government respectfully requests the opportunity to file a supplemental response, including on deficient performance, before the Court disposes of that claim.

The D.C. Circuit has recognized a disagreement among the circuits about the preclusive effect of an appellate IAC determination on later claims involving different acts or omissions. *United States v. Glover*, 760 F. App'x 4, 6 n.1 (D.C. Cir. 2019). The Seventh Circuit treats ineffective assistance as a single ground for relief and applies a broader bar. *Peoples v. United States*, 403 F.3d 844, 847–48 (7th Cir. 2005). The Second Circuit bars claims based on the same strategies, actions, or omissions adjudicated on appeal, including issues impliedly resolved, but permits claims involving different conduct. *Yick Man Mui v. United States*, 614 F.3d 50, 53–57 (2d Cir. 2010). Here, as detailed below, the additional detail about the preparation and pressure allegations, which the D.C. Circuit considered and rejected on appeal, does not constitute a new claim under either approach. To the extent defendant instead alleges distinct conduct, the government addresses prejudice in Part II rather than assuming that the prior decision adjudicated every such allegation.

The procedural posture confirms that the Court of Appeals' decision on the issues it addressed was a final merits determination, not a deferral to collateral review. Defendant presented his ineffective-assistance allegations first to this Court, in his motion to withdraw the plea, and this Court rejected them without a hearing. ECF No. 118; Mem. Op. at 3. Had the panel considered the record inadequate to resolve those allegations, it could have remanded for an evidentiary hearing, as it generally does when an ineffective-assistance claim cannot be resolved on the existing record. *See United States v. Williams*, 488 F.3d 1004, 1010 (D.C. Cir. 2007). It did not. It resolved both *Strickland* prongs on the existing record. Mem. Op. at 5. Its rejection of the issues it decided therefore rests on a record the panel found sufficient, and that determination binds this Court as to those issues. *See Greene*, 834 F.2d at 1070.

As explained below, the core of each of Grounds One, Two, and Three was adjudicated on appeal: plea counsel's alleged failure to prepare and alleged pressure to plead (Grounds One and Three), and defendant's asserted misunderstanding of the agreement (Ground Two). Defendant may not relitigate those issues. To the extent the Court treats the more specific allegations within those grounds as distinct from the issues adjudicated on appeal, they fail for lack of prejudice. *See* Part II, *infra*.

**1. Grounds One and Three**

Grounds One and Three substantially repeat defendant's assertions that Caleb inadequately prepared for trial and pressured him to accept the agreement. The Court of Appeals opinion expressly recounts those assertions and rejects the IAC claim based on them. Mem. Op. at 3, 5. In particular, it holds that advising defendant to plead guilty in light of the evidence did not constitute deficient performance. *Id.* at 5 (citing *United States v. Curry*, 494 F.3d 1124, 1130 (D.C. Cir. 2007)). Defendant cannot obtain a second decision on that same asserted deficiency by again describing counsel's advice about the likely outcome and potential penalties after trial.

The appellate opinion also recounted the breakdown of the attorney-client relationship, counsel's motions to withdraw, the initial concern about consultation time, and defendant's subsequent confirmations concerning the agreement. Mem. Op. at 2–3. Those circumstances do not become new issues merely because defendant now supplies a more detailed account of the same events. To the extent the current grounds repeat the preparation and pressure issues presented and decided on appeal, they are barred.

Three allegations, however, are more specific than anything the Court of Appeals addressed. On appeal, defendant asserted in general terms that counsel failed to prepare for trial, visited him only a few times, failed to review the evidence with him, and failed to pursue witnesses

he identified. Mem. Op. at 3, 5. He now identifies particular matters that the opinion does not mention: (1) asserted inconsistencies in the FBI reports of J.J.'s and O.R.'s interviews, ECF No. 160-1 at 5–8; (2) records of his incarceration in Virginia during part of the charged period, *id.*; and (3) counsel's alleged instruction, during the plea colloquy, to accept the government's factual proffer because it could be corrected later, *id.* at 15–16; Aff. ¶ 21. Under the Seventh Circuit's approach, those allegations would be part of the single ground of ineffective assistance the Court of Appeals decided. *Peoples*, 403 F.3d at 848. Under the Second Circuit's approach, a claim resting on acts or omissions of counsel different from those adjudicated on appeal is not barred. *Mui*, 614 F.3d at 57. Because the D.C. Circuit has not chosen between those approaches, *Glover*, 760 F. App'x at 6 n.1, the government does not rest on the relitigation bar as to these three allegations. Whether they are treated as elaborations of the adjudicated claim or as distinct omissions, defendant must establish their material effect on his plea decision, and he cannot. *See* Parts II.A–B, *infra*.

**2. Ground Two**

The Court of Appeals rejected defendant's asserted misunderstanding of the agreement in light of his sworn acknowledgment that he understood it and had reviewed the potential penalties. Mem. Op. at 2, 4–5. Defendant may not relitigate that same assertion of misunderstanding. The opinion, however, does not expressly identify or resolve the particular allegation that counsel promised a fifteen-year sentence, or the meaning of the prosecutor's July 20 statement. The government therefore relies on the relitigation bar only to the extent Ground Two repeats the misunderstanding issue adjudicated on appeal; the specific alleged sentencing representation is addressed against the agreement and plea record in Part II.B, *infra*.

**B. The Collateral-Attack Waiver Bars Ground Five.**

A knowing and voluntary waiver may be enforced according to its terms. The D.C. Circuit enforces knowing, intelligent, and voluntary appeal waivers, *United States v. Guillen*, 561 F.3d 527, 529–32 (D.C. Cir. 2009), and the same finality interests support enforcement of a waiver of collateral attack, *see DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). The government invokes the waiver only against Ground Five; paragraph 10.E expressly preserves IAC claims.

Ground Five alleges that the government knowingly used inaccurate dates and witness information to obtain the superseding indictment and induce the plea. ECF No. 160-1 at 27–30. It is not an IAC claim. Nor do the identified materials qualify as newly discovered evidence under the agreement. Defendant states that he reviewed O.R.'s grand jury testimony and J.J.'s FBI report with counsel before the plea, told counsel about his incarceration, and knew that discovery revealed O.R.'s arrest. Aff. ¶¶ 7–9. He also acknowledges that the government provided the arrest or jail record to counsel and discussed the witness inconsistencies in its pretrial memorandum. ECF No. 160-1 at 29 (citing ECF No. 138 n.4). Ground One itself faults counsel for failing to use this material. On defendant's account, the information was available to the defense before the plea. For the same reason, the claim fails on its own terms: material the defense possessed before the plea was not withheld from it.

Although Ground Five characterizes the plea as involuntary, defendant identifies no concealed sentencing term or newly revealed factual premise that prevented him from understanding the collateral-attack waiver. He affirmed in writing that he understood the agreement, and the Court separately addressed the waiver during the plea hearing. Plea Agreement at 15; Plea Tr. at 29–30. The panel upheld the knowing and voluntary character of the plea against the challenges presented on appeal. Mem. Op. at 4–5. Defendant's present disagreement with

evidence already available to the defense does not establish that he unknowingly or involuntarily relinquished collateral review of the government-misconduct claim.

### C. Ground Five Is Procedurally Defaulted.

A claim available but not raised on direct review is subject to default unless defendant establishes cause and actual prejudice or a sufficient showing of actual innocence. *Bousley*, 523 U.S. at 622–24; *Frady*, 456 U.S. at 167–68. The appellate opinion identifies a limitations defense, government prejudice, Rule 11 issues, and plea-counsel IAC; it identifies no government-misconduct claim. Mem. Op. at 3–5. Ground Five's identified factual bases were known before the plea and therefore available during the appeal. Defendant has not established an external impediment excusing the omission, and Ground Four challenges the presentation of the plea-counsel issue rather than identifying an excusable reason for omitting a separate misconduct claim. ECF No. 160-1 at 23–26.

Nor has defendant established factual innocence sufficient to excuse default. His contention that certain dates and statements are inaccurate must be assessed against all the evidence, including his sworn admission to the proffered conduct. Mem. Op. at 3. The supporting exhibits also contain J.J.'s account of severe violence, defendant's collection of her earnings, and his control over her, as well as O.R.'s account of his direction of her work, collection of earnings, and online advertisements. ECF No. 160-2 at 15–18, 20–22. Identified credibility disputes and confinement during part of a broader charging period do not, without more, demonstrate that it is more likely than not that no reasonable juror would have convicted him of the admitted offense. *See Bousley*, 523 U.S. at 623. Defendant has not made that showing.

## II. THE PLEA-COUNSEL ALLEGATIONS NOT ADJUDICATED ON APPEAL DO NOT ESTABLISH PREJUDICE (GROUNDS ONE, TWO, AND THREE).

To the extent the Court treats any allegation in Grounds One through Three as distinct from the issues adjudicated on appeal, the allegation fails because defendant has not shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**A. The Investigative Allegations in Grounds One and Three Do Not Establish a Reasonable Probability of a Different Plea Decision.**

Grounds One and Three identify inconsistencies in witness statements and incarceration information as matters counsel should have investigated more fully. ECF No. 160-1 at 5–8. The incarceration argument presents a factual question about particular alleged conduct; it is not resolved merely by the rejection of the statute-of-limitations defense under § 3299. The relevant question is whether the identified information would materially undermine the admitted offense and change defendant's decision to plead.

Defendant's exhibits do not supply that showing. A record of incarceration during part of the charged period does not itself exclude trafficking conduct outside that period. Nor does an inconsistency in a victim's chronology necessarily negate the violent and controlling conduct described elsewhere in the same reports. J.J.'s account that entering commercial sex initially was her own decision appears alongside her account of defendant's later violence, collection of her earnings, and refusal to let her leave. ECF No. 160-2 at 12–18. O.R.'s report likewise describes defendant's direction of her work and collection of earnings. *Id.* at 20–22. Where the alleged error is a failure to investigate, prejudice depends on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea, which in turn depends largely on whether the evidence likely would have changed the outcome of a trial. *Hill*, 474 U.S. at 59. Defendant therefore must explain why the specified investigative steps would have changed counsel's assessment of the count to which he admitted guilt, rather than merely identify possible

impeachment for a trial. His disagreement with portions of the witnesses' accounts does not establish that additional investigation would have produced a materially different assessment of that offense.

The contemporaneous evidence also includes defendant's acknowledgment of the proffered conduct and decision to accept dismissal of nine counts despite an estimated Guidelines range of 324 to 405 months. Plea Agreement ¶¶ 3–4; Mem. Op. at 3, 5. His statement that he would have accepted an earlier seventy-seven-month offer, Aff. ¶ 14, shows interest in obtaining a favorable plea, although it does not by itself disprove his present assertion that he would have rejected a substantially less favorable agreement. Considering the identified materials together with the admissions and terms of the actual agreement, defendant has not substantiated a reasonable probability that the alleged investigative omissions caused him to forgo trial. *See Lee*, 582 U.S. at 369.

### B. The Alleged Fifteen-Year Representation in Ground Two Must Be Assessed Against the Written Agreement and Colloquy.

Ground Two alleges more than an inaccurate sentencing estimate: defendant asserts that he was led to understand the plea as a fifteen-year sentence. ECF No. 160-1 at 14–16. The government does not rely on a categorical rule that an accurate colloquy invariably cures counsel's misrepresentation. Here, however, the agreement expressly identified fifteen years as the mandatory minimum, life as the maximum, and 324 to 405 months as the estimated Guidelines range. Plea Agreement ¶¶ 1, 4. It placed sentencing solely within the Court's discretion and disclaimed any government promise about the sentence. *Id.* ¶ 7. Defendant affirmed that he understood the agreement and potential penalties. Mem. Op. at 2. He also denied any inducement outside the agreement. Plea Agreement at 15; Plea Tr. at 22–23, 31.

Defendant attributes his contrary answers to exhaustion, frustration, fear, and a desire to end the hearing. ECF No. 160-1 at 15, 20. Those assertions must be considered, but they do not identify how the agreement's express terms or the Court's examination left a reasonable basis for believing fifteen years was a binding ceiling. The same is true of the allegation that counsel said the factual proffer could be corrected later: the panel recounts defendant's affirmative admission that he engaged in the proffered conduct, not a reservation of that admission for later correction. Mem. Op. at 3.

Nor does the prosecutor's July 20 statement, as defendant characterizes it, override the terms he accepted in writing and confirmed under oath the next day. According to defendant, when the Court asked the government at the July 20, 2021 pretrial conference to put its plea offer on the record, the prosecutor described the plea as one "to cap ourselves at the mandatory minimum . . . fifteen years, Judge." ECF No. 160-1 at 16 (citing ECF No. 151 at 13–14). Taken as defendant quotes it, that statement described a limit the government would place on itself — a "cap" on "ourselves" — not a limit on the sentence the Court could impose. Nothing in it suggested that the Court was bound to impose fifteen years, and the agreement defendant signed and the sworn acknowledgments he gave the next day, described above, said the opposite.

The question Ground Two raises is whether defendant understood that the Court could impose more than fifteen years. The agreement and his sworn acknowledgments answer that question directly, and a statement describing the government's own sentencing position does not change the answer. Against those disclosures, defendant's explanations do not establish a compelling basis to disregard his acknowledgments or a reasonable probability that counsel's alleged representation determined his decision. *See Jones*, 642 F.3d at 1158; *Hill*, 474 U.S. at 59.

The Court may reject Ground Two on that record even without assuming that the specific alleged promise was adjudicated on appeal.

## III. GROUND FOUR FAILS UNDER STRICKLAND BECAUSE DEFENDANT HAS NOT ESTABLISHED A REASONABLE PROBABILITY OF A DIFFERENT APPELLATE RESULT.

To establish ineffective assistance of appellate counsel, defendant must show deficient performance and a reasonable probability that, absent counsel's errors, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Counsel need not raise every nonfrivolous issue and may select among arguments to maximize the likelihood of success. *Id.* at 288; *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). Defendant's complaint, however, is not that appellate counsel omitted an issue. Counsel raised the involuntary-plea issue, including plea counsel's asserted ineffectiveness. Mem. Op. at 4–5. Defendant contends instead that counsel failed to develop specific matters within that issue: the breakdown of the attorney-client relationship, plea counsel's alleged unpreparedness, the alleged fifteen-year representation, the incarceration records and witness inconsistencies, defendant's efforts to withdraw the plea, and plea counsel's alleged delay in the appointment of successor counsel. ECF No. 160-1 at 23–26. The issue-selection cases do not resolve that complaint, but *Strickland* still governs it. Defendant therefore must show both that omitting those matters fell below an objective standard of reasonableness and a reasonable probability that, had they been presented, the Court of Appeals would have reversed the denial of his motion to withdraw. He cannot make the second showing.

Several of those matters were before the panel. The opinion expressly recounted the breakdown of the relationship, Caleb's two motions to withdraw, the consultation concern, and defendant's later efforts to withdraw the plea. Mem. Op. at 2–3. As to those circumstances, defendant has not identified material information absent from the panel's account or shown why additional emphasis would have changed its assessment. The panel held that counsel's advice to

plead in light of the evidence was not deficient and that the plea-counsel allegations before it established no *Hill* prejudice. *Id.* at 5.

The remaining matters — the incarceration information, the witness inconsistencies, and the alleged sentencing representation — were not addressed by the panel, and the fact of affirmance alone does not establish that they were immaterial. They fail for the reasons already given. As shown in Part II.A, the investigative materials do not establish that additional investigation would have changed defendant's plea decision. As shown in Part II.B, the sentencing allegation conflicts with the agreement's express disclosure of a fifteen-year minimum, life maximum, and substantially higher estimated range. Allegations that do not establish prejudice under *Hill* could not have supplied a basis for reversing the denial of a withdrawal motion that the panel evaluated under that same standard. Defendant has not explained why presenting those matters would have produced a different appellate result, given his admissions and the record of the Court's examination.

Finally, defendant's allegation concerning delay in appointing successor counsel identifies no lost factual material, unavailable argument, or missed opportunity that would have produced a different disposition. Successor counsel litigated the withdrawal motion, and the Court decided it on the merits. Mem. Op. at 3. The occurrence of successor representation does not itself establish lack of prejudice; defendant's failure to identify a material effect of the alleged delay does. Ground Four therefore fails for lack of a demonstrated reasonable probability of a different appellate result.

## IV. NO EVIDENTIARY HEARING OR APPOINTMENT OF COUNSEL IS WARRANTED

No hearing is required when the motion and existing record conclusively establish that defendant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996). A hearing also is unnecessary where a claim is vague, conclusory, or

palpably incredible. *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992). In IAC cases, lack of deficient performance or prejudice conclusively established by the record independently permits denial without a hearing. *United States v. Sitzmann*, 893 F.3d 811, 831–32 (D.C. Cir. 2018).

The government does not characterize every allegation as vague or assume that sworn plea answers invariably eliminate factual disputes. Here, the issues adjudicated on appeal cannot furnish a basis for relitigation; Ground Five is subject to waiver and default; and the particular additional IAC allegations fail to establish prejudice when assessed against the agreement, defendant's admissions, and the materials he supplies. The Court need not resolve whether every alleged statement by counsel occurred to determine whether those allegations establish entitlement to relief. Defendant has not supplied a compelling explanation warranting disregard of his specific sworn acknowledgments of the agreement and penalties. *Jones*, 642 F.3d at 1158. On the grounds set out above, a hearing is unwarranted.

Appointment of counsel is mandatory for a financially eligible movant when an evidentiary hearing is warranted. Rule 8(c), Rules Governing Section 2255 Proceedings. Counsel also must be appointed when necessary for effective discovery under Rule 6(a). Otherwise, appointment is discretionary when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The identified grounds can be resolved on the existing materials without a hearing or discovery, and defendant's continuation pages, affidavit, exhibits, and supporting memorandum demonstrate his ability to identify and present his arguments. The interests of justice do not require appointment here.

## CONCLUSION

For the foregoing reasons, the Court should deny defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 160) and the relief requested in his

supporting memorandum (ECF No. 164) without an evidentiary hearing, deny his request for appointment of counsel, and decline to issue a certificate of appealability.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Assistant United States Attorney
Chief, Special Proceedings Division

THOMAS STUTSMAN
Assistant United States Attorney
Deputy Chief, Special Proceedings Division

By: /s/ Kamilah O. House
KAMILAH O. HOUSE
D.C. Bar No. 981377
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6899
Kamilah.House@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2026, I caused a copy of the foregoing Consolidated Opposition to be served by first-class mail, postage prepaid, upon:

Michael Jabaar Wilkins
Reg. No. 94501-007
FCI McDowell
P.O. Box 1009
Welch, WV 24801

/s/ Kamilah O. House
KAMILAH O. HOUSE
Assistant United States Attorney